# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

MARK E. LIBBY,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　No. 2:10-cv-265-GZS
　　　　　　　　　　　　　　　　　　)
MICHAEL J. ASTRUE,　　　　　　　　)
Commissioner of Social Security,　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendant　　　　　　　　　)

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge wrongfully "ignored" the weight of the medical evidence concerning the date of onset of his disability. I recommend that the court vacate the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that, prior to June 28, 2008, the plaintiff suffered from degenerative disc disease and low back pain, but that these impairments, considered separately or together, did not significantly limit his ability to perform basic work-related activities for 12 consecutive months and, therefore, were not severe, Findings 3-4, Record

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 14, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

at 9; and that he, therefore, was not disabled, as that term is defined in the Social Security Act, at any time between the alleged date of onset, October 6, 2006, and June 28, 2008, Finding 13, *id*. at 13 & *id*. at 7. The administrative law judge found that the plaintiff was disabled after June 28, 2008. *Id*. at 13. The Decision Review Board failed to complete its review of the decision in the time allowed, *id*, at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs*., 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28 ("SSR 85-28")).

**Discussion**

**A. Medical Evidence**

The plaintiff first argues that the administrative law judge ignored evidence that he has suffered from "acute low back pain" and pain radiating down his left leg "over the last 4 years." Plaintiff's Statement of Errors ("Itemized Statement") (Docket No. 11) at [4]. But, it is not evidence of symptoms over "the last four years" that is at issue in this appeal; the question is whether there is medical evidence of a severe impairment lasting more than 12 months between October 6, 2006, the alleged date of onset, and June 28, 2008, the effective date of disability as found by the administrative law judge.

The administrative law judge's opinion says the following about the period before June 28, 2008:

> There were medical signs to substantiate the existence of a medically determinable impairment prior to the established onset date of disability; however, his impairment prior to June 28, 2008 is not established in the record as a severe impairment. On September 13, 2006, the claimant was seen at the Alaska Spine Institute where diagnostic imaging showed a reduced signal at L2-3, L4-5, and L5-S1 with disc space narrowing; a herniated nucleus pulposus at L4-5 with possible hematoma; and a central protrusion at L5-S1. The fact that these findings were not considered too significant in diminishing the claimant's ability to return to work is demonstrated in a September 25, 2006 work status report completed by J. Michael James, M.D., who said that the claimant would be disabled from work only until October 4, 2006. Dr. James provided a diagnostic impression of acute radiculopathy secondary to a herniated nucleus pulposus and recommended administration of epidural steroid injections. He subsequently noted that the claimant experienced "dramatic relief with the caudal epidural steroid injection" (Exhibit 1F). There is no evidence of record of any claimant treatment from October 3, 2006 to November 2007, and no additional medical documentation up to June 28, 2008 that would establish the existence of a severe impairment.

Record at 10-11.

The plaintiff relies on his own testimony to support his argument, Itemized Statement at [4]-[8], but, at Step 2 of the sequential evaluation process, only medical evidence may be used to support a finding that a severe impairment exists. 20 C.F.R. § 404.1528(a); SSR 85-28; *see also Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991). Thus, there must be medical evidence of degenerative disc disease, chronic pain, occipital neuralgia, or single vessel coronary artery disease status post P[ercutaneous] C[oronary] I[ntervention] with stenting, the severe impairments found by the administrative law judge to exist beginning on June 28, 2008, Record at 11, before that date. In his Itemized Statement, the plaintiff presses only the degenerative disc disease and chronic pain. Itemized Statement at [4]-[8].

The plaintiff emphasizes that the relevant "objectively demonstrated findings" were unchanged from September 2006 through June 11, 2008. *Id.* at [6]-[7]. That may be so, but, in September 2006, Dr. James interpreted those findings to make the plaintiff "[t]otally disabled for work . . . until 10/4/06[.]" Record at 208. On September 13, 2006, Dr. James wrote: "The patient had dramatic relief with the caudal epidural steroid injection. If there is not total relief of his leg pain, will see him next Monday for a left L5 selective nerve root block." *Id.* at 218. This was performed on September 25, 2006. *Id.* at 206. Dr. James's return-to-work statement was made the next day. No other medical professional interpreted the "unchanged" findings differently.

The plaintiff also asserts that "[t]he gap in treatment from October 3, 2006 to November 2, 2007 is irrelevant since the medical evidence in 2006 and the medical evidence from November 2007 to date[] supports a disability due to the same impairments." Itemized Statement at [7]. Even if it is assumed, *arguendo,* that this statement may be accepted without any medical opinion evidence supporting the interpretation of raw medical data that is

4

necessarily implied, *see, e.g., LaBonte v. Astrue*, Civil No. 09-358-P-S, 2010 WL 2024895, at *3 n.2 (D. Me. May 18, 2010), it is erroneous under Social Security law. A lack of treatment is evidence that supports a finding that a claimant was not disabled during the relevant period of time. *Rivera v. Secretary of Health & Human Servs.*, 19 F.3d 1427 (table), 1994 WL 107870, at *5 (1st Cir. 1994) ("A gap in the medical evidence may itself be evidence that the claimant's condition was not as dire as alleged."); *Ortiz v. Secretary of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). Nothing in *Biron v. Astrue*, Civil Action No. 09-40084-FDS, 2010 WL 3221950 (D. Mass. Aug. 13, 2010), cited, without a pinpoint citation, by the plaintiff in support of his position on this point, suggests a different result.

The plaintiff is not entitled to remand on this basis.

**B. Treating Source Opinion**

The plaintiff next complains that the administrative law judge wrongly failed to address the opinion of his treating physician, Michael O'Connell, M.D., that his functional limitations "have likely persisted since October 6, 2006." Itemized Statement at [10]. The plaintiff's point is persuasive.

The administrative law judge adopted Dr. O'Connell's conclusions concerning the plaintiff's functional limitations as of the time he completed the form that is Exhibit 19F. Record at 12. Yet, she failed to mention Dr. O'Connell's response to Question 10 on the form: "Have the patient's functional limitations described herein likely persisted since October 6, 2006, the day Mr. Libby last worked?" Record at 388. Dr. O'Connell checked "Yes." *Id.* This is a retrospective medical opinion that the administrative law judge could not ignore. She was not required to accept it, but she was required to state her reasons for rejecting it. 20 C.F.R. 404.1527(d)(2); Social Security Ruling 96-8p, reprinted in *West's Social Security Reporting*

*Service* Rulings 1983-1991 (Supp. 2010-2011) at 127. She could not merely ignore any portion of Dr. O'Connell's statement that did not support one of her conclusions. Dr. O'Connell's retrospective opinion is obviously material here. The administrative law judge's failure to address this treating source opinion in any way requires remand. *See, e.g., Harthorne v. Astrue*, Civil No. 08-120-B-W, 2008 WL 4937806, at *5 (D. Me. Nov. 16, 2008).[2]

## Conclusion

For the foregoing reason, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 24th day of June, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[2] At oral argument, counsel for the commissioner contended that this oversight by the administrative law judge was harmless because the record "shows no impairment in the relevant time." This argument requires the court to interpret raw medical evidence, which, like the administrative law judge, it may not do. It is a close question in this case, given my finding on the first issue, but I conclude that a physician's opinion on a medical question central to a plaintiff's claim may not be rejected by the administrative law judge without an explanation.

6